# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                  Case No. 1:24-cr-00848 KWR

KATY GRIFFIN,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

THIS MATTER is before the Court on Defendant's Motion to Revoke Magistrate Judge's Detention Order **(Doc. 21)**. Defendant moves to revoke Judge Yarbrough's detention order pursuant to 18 U.S.C. §§ 3142 and 3145(b). Having conducted a *de novo* review of the record in this case, including the Pretrial Services' report, the detention hearing, and the parties' briefing, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

## BACKGROUND

Defendant is charged with three counts stemming from her arrest on May 28, 2024 in possession of 5,000 fentanyl pills and a firearm. On June 25, 2024, a grand jury returned an Indictment (Doc. 14) charging:

(1) that Defendant possessed with intent to distribute 400 grams and more of fentanyl in violation of 21 U.S.C. § 841(a)(1);[1]

---

[1] The Government explains that although the caption of the Indictment cites to the correct penalty section, §841(b)(1)(A)(vi), the citation within Count I incorrectly refers to § 841(b)(1)(B)(vi). These citations refer to different quantity levels, and amounts to a difference between a five year and ten-year minimum sentence. The Government asserts this citation error is not controlling, and will otherwise be fixed through a superseding indictment. *See* Fed. R. Crim. P. 7(c)(2) ("Citation Error. Unless the defendant was misled

(2) that Defendant possessed a firearm in furtherance of that drug trafficking crime in violation of 18 U.S.C. § 924(c); and

(3) that Defendant, while under indictment in the Second Judicial District Court, received a firearm that had been transported in interstate commerce and transported a firearm in interstate commerce in violation of 18 U.S.C. § 922(n).

This alleged offense occurred while Defendant was on pretrial release and under indictment in state court for possession with intent to distribute fentanyl. The allegations relevant to that state court proceeding are as follows. The Government alleges that on October 16, 2023, an Albuquerque Police Department officer found Defendant passed out in a pickup truck in Albuquerque, New Mexico. The officer observed drug paraphernalia and blue fentanyl pills in the truck. Defendant allegedly refused to comply with the officer's instructions. She allegedly reached into her purse, disregarding the officer's instructions, pulled out a bag of fentanyl pills, and cast the pills onto the sidewalk. Doc. 22 at 1-2. Defendant allegedly told an officer that she had picked up the bag of 1,000 fentanyl pills earlier in the day, and that she was to deliver the pills to someone else. Doc. 22 at 2. Based on these facts, Defendant was charged in state court with trafficking fentanyl, possession of a controlled substance, possession of drug paraphernalia, and resisting a police officer. Doc. 22 at 2-3. Defendant was granted pretrial release in that case.

As relevant to this case, on May 28, 2024, the Government alleges that a Bureau of Indian Affairs law enforcement officer stopped a vehicle driven by Defendant within the boundaries of the Laguna Pueblo. Doc. 22 at 3. An officer observed drug paraphernalia in the car. Defendant allegedly stated that

---

and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction"). Count 1 unequivocally charges that "the offense involved 400 grams and more of a mixture and substance containing a detectable amount of fentanyl," which is punishable by a term of not less than 10 years imprisonment under § 841(b)(1)(A)(vi).

she had an empty bong in her bag that was used to smoke methamphetamine. After officers told her they would search her car based on this admission, Defendant allegedly admitted that she had 5,000 fentanyl pills in her purse. During the search, officers seized a bag containing 677 grams of fentanyl. They also found two handguns and $1,700 in cash. Doc. 22 at 4.  At the DEA office, Defendant allegedly stated she had on prior occasions traveled from Carlsbad to Albuquerque or Phoenix to pick up drugs, and on this occasion she traveled to Phoenix to pick up 5,000 fentanyl pills. She denied selling the pills and stated they were for her personal use. She claimed to use between 100 to 200 pills per day.

     The pretrial services report recommended that the Defendant be detained. It noted that Defendant suffered from domestic abuse and a substance abuse problem. The pretrial services report recited Defendant's criminal history. Defendant has a lengthy history of not following court orders, or conditions of release or probation.  The pretrial services report identified approximately four charges for failure to appear and four charges for contempt of court. Moreover, she allegedly committed the instant offense of possession with intent to distribute while on pretrial release for another case of possession with intent to distribute fentanyl.

     Judge Yarbrough held a preliminary hearing and a detention hearing.  Judge Yarbrough found there was probable cause to believe Defendant had committed the charged offenses.  At the detention hearing, Judge Yarbrough found that no condition or combination of conditions of release will reasonably assure the safety of the community and the defendant's appearance as required.  Doc. 22 at 5, *citing* Doc. 11.  Defendant was ordered detained pending trial.

     Judge Yarbrough found that the rebuttable presumption of detention applied and Defendant rebutted the presumption, however, after considering the presumption and the other factors, detention was warranted. *Id.* at 2. He found that the Government met its burden by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's appearance as required.

*Id.* at 3.  He also found that the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. *Id.*  He noted that the weight of the evidence is strong, Defendant is subject to a lengthy period of incarceration if convicted, she has participated in criminal activity while on probation, parole, or supervision, she has a history of alcohol or substance abuse, prior failures to appear in court as ordered, and a lack of stable employment.

Defendant now moves to revoke Judge Yarbrough's detention order.

## LEGAL STANDARD

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the Court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under 18 U.S.C. § 3145.  The district judge reviews the record *de novo*.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

## DISCUSSION

Defendant moves to revoke the detention order under 18 U.S.C. § 3145. Considering the record *de novo*, the Court denies the motion, finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that she is a danger to the community. Moreover, no condition or combination of conditions will reasonably assure her appearance or the safety of the community.

**I.     Detention factors under § 3142(g)**.

The Court considers the § 3142(g) factors below, and finds they weigh in favor of detention.

### A.     Rebuttable Presumption.

The rebuttable presumption arises under 18 U.S.C. § 3142(e) because there is probable cause that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 21 U.S.C. § 841(b)(1)(A).[2] Moreover, it arises because Plaintiff is charged with an offense under 18 U.S.C. § 924(c). *See* Doc. 11 at 2. Congress has imposed a rebuttable presumption that no combination of conditions of release will reasonably assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A), (B). Once the presumption is invoked, the burden of production shifts to the defendant. *United States v. Striklin*, 932 F.2d 1353, 1354 (10th Cir. 1991). "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1354-55.

---

[2] Defendant concedes that the rebuttable presumption arises here. Doc. 23 at 4.

Here, Defendant proffered evidence that she has strong community ties to Carlsbad, New Mexico and strong family ties. She also asserts that she complied with officers during the traffic stop. Finally, she asserts she has minimal criminal history. It is not clear this is sufficient to rebut the presumption. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (finding presumption not rebutted where defendant offered proof of strong family ties and government made strong evidentiary showing). Although Defendant does not have a lengthy history of criminal convictions, she has multiple charges for failure to appear and contempt of court. Defendant allegedly resisted arrest in the October 2023 arrest. Moreover, she allegedly committed this offense while on pretrial release for a prior fentanyl trafficking offense. Finally, as explained below, while in custody for this offense she allegedly brought fentanyl into the correctional center, hospitalizing four others, and twice assaulted corrections officers. The Court does not believe she has rebutted the presumption.

Alternatively, assuming Defendant has rebutted the presumption, the presumption remains a consideration when weighing the § 3142(g) factors. The Court finds that the presumption here weighs in favor of detention.

**B.    Nature and Circumstances of the Offenses Charged.**

The Court must consider "the nature and circumstances of the offense charged, including whether the offense … involves …a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Here, Defendant is charged with both possession with intent to distribute fentanyl, and possession of a firearm in furtherance of a drug trafficking crime.

Defendant is charged with possession with intent to distribute a significant amount (more than 400 grams) of fentanyl, a controlled substance, which may subject her to a ten-year mandatory minimum sentence on Count I. The maximum sentence for Count I is life. Moreover, Defendant is charged with a § 924(c) offense, possession of a firearm in furtherance of a drug trafficking crime. If Defendant is

6

convicted on this count she faces a five-year mandatory minimum, consecutive to her ten-year mandatory minimum sentence in her drug trafficking count. § 924(c)(1)(D)(ii) (noting that the five year minimum may not run concurrently to the drug trafficking offense). In other words, Defendant potentially faces a mandatory minimum of 15 years' imprisonment if convicted on all counts, assuming no safety valve applies.[3] Defendant faces very serious charges. Moreover, the alleged offense occurred while she was on pretrial release for trafficking fentanyl in a state case, which resulted in another firearm charge. 18 U.S.C. § 922(n).

Here, the amount of drugs, the seriousness of the crimes charged, as well as the potential minimum and maximum term of imprisonment weigh in favor of finding that Defendant is a flight risk and danger to the community. This factor weighs heavily in favor of detention.

    C.    **Weight of the Evidence.**

The weight of the evidence appears to be strong and weighs in favor of detention.[4] Defendant was allegedly found in possession of over 400 grams of fentanyl and with two firearms. The Government alleges that Defendant admitted she possessed 5,000 fentanyl pills. She allegedly admitted to traveling to Albuquerque or Phoenix on prior occasions to obtain drugs. She also was found with a firearm in her possession, which she asserts she has for her protection. This weighs in favor of detention.

Defendant has asserted that the drugs were for personal use and she is not a drug trafficker. Generally, a jury may infer the intent to distribute based on the quantity of fentanyl in Defendant's possession. *United States v. Pulido–Jacobo,* 377 F.3d 1124, 1131 (10th Cir.2004) ("a jury may infer intent to distribute from the possession of large quantities of drugs"). The alleged quantity here is

---

[3] The outcome in this order would be the same even if she faces a five or ten year minimum sentence. All are very significant minimum sentences. No party has argued the safety valve under 18 U.S.C. § 3553(f) applies here.

[4] In considering this factor, Defendant is presumed innocent and has a right to a jury trial. The Court does not and cannot make a pretrial determination that Defendant is guilty at this procedural posture. Nevertheless, the Court is required to consider the weight of the evidence under § 3142(g).

significant and is sufficient to put her potentially at a ten-year minimum sentence if she is convicted and no safety valve applies. 18 U.S.C. § 841(b)(1)(A)(vi). During her encounter with law enforcement, she allegedly stated, in an apparent effort to show that this amount was for personal use, that she uses 100-200 fentanyl pills per day. Her assertion that she takes 100-200 fentanyl pills a day is not credible. Defendant also possessed a large quantity of cash and a firearm. Defendant asserts that the money came from an Airbnb rental, and she needed the gun for protection.

To the extent Defendant asserts that this evidence may be suppressed later in this proceeding, it has not yet been suppressed and the Court may still consider the evidence in determining whether to release or detain her. *United States v. Pina-Aboite*, 97 F. App'x 832, 835 (10th Cir. 2004) (district court did not err in detention analysis when it considered suppressed evidence), *citing* 18 U.S.C. § 3142(f) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").  Defendant has not yet presented argument demonstrating that the evidence will be suppressed and the Court should disregard it.

The weight of the evidence appears to be strong.  This factor weighs in favor of detention.

  D.    **Defendant's history and characteristics.**

The next factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant asserts that she is not a drug trafficker, but suffers from substance abuse issues.

Defendant asserts she has strong family ties and strong community ties. She asserts she moved in with her 93 year old grandmother to help her around the house. She asserts certain family members suffer from medical issues. She also asserts she owned a home for 13 years in Carlsbad.  Moreover, she asserts

8

she has five children. *See* Doc. 21 at 6. She asserts her close connection with her children demonstrates she is not a flight risk. She asserts she lost custody of three children.

Defendant has some employment history, although it is unclear if she was actively employed when she was arrested. However, she asserts she will have a job at a call center if released. Defendant asserts that before she was arrested, she listed two properties on Airbnb and has received rental income.

Defendant asserts she has been the victim of domestic abuse and suffers from medical issues resulting from that abuse. Doc. 21 at 8.

Defendant asserts she has a minor criminal history. However, the Court notes that Defendant has an extensive history of allegedly not complying with court orders or terms of release or conditions of probation. *See* Pretrial Services Report, Doc. 11 at 5-7. It appears, based on the pretrial services report, that Defendant has at least four failure to appear charges and at least four contempt of court charges. The disposition of these charges is unknown. Moreover, Defendant allegedly committed the instant offense while on pretrial release conditions in a state court case for trafficking fentanyl. Defendant asserts that her state drug trafficking charge has since been dismissed. However, the Government represents it was dismissed in deference to federal prosecution. Doc. 22 at 3, n.1.

Her conduct while in custody after her initial appearance in this case does not suggest she will comply with conditions of release. The Government alleges that after her initial appearance in this case, she brought fentanyl into the Cibola County Correctional Cetner, resulting in the hospitalization of four individuals. Moreover, on or about June 10, while in detention she allegedly assaulted correctional officers in two separate occasions. In the first instance, Defendant allegedly smeared food on a camera lens and feces on the window of the cell door. She grabbed a corrections officer's keys and refused to return them. When officers attempted to obtain the keys, she struck an officer and attempted to bite an officer, leaving

9

the officer with a black eye. That same day, she punched another corrections officer. Defendant asserts that she was suffering withdrawal symptoms and therefore these incidents are unusual.

In sum, Defendant's history and characteristics weigh in favor of detention and finding that she is a flight risk by a preponderance of the evidence and a danger to the community by clear and convincing evidence.

### E. Danger to Community.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As the parties acknowledge, a rebuttable presumption of dangerousness arises here.

Defendant asserts that it is problematic to say that substance abusers are a danger to the community. However, it is clear that danger to the community encompasses trafficking drugs. *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) ("the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community."), quoting 1984 U.S.Code Cong. & Ad. News, pp. 3182, 3194; *United States v. Strong,* 775 F.2d 504, 506-07 (3d Cir.1985) (Congress equated drug trafficking with danger to community). A court may consider the large quantity of drugs, which suggests trafficking, in determining dangerousness. *See, e.g., United States v. Villapudua-Quintero*, 308 F. App'x 272, 273 (10th Cir. 2009) (There was evidence of dangerousness and flight risk where (1) crime involved large amount of drugs, (2) family lived out of country, and (3) there was a presumption of detention). Here, the allegations in this case suggest that Defendant is danger to the

community. Defendant was arrested with a large amount of fentanyl while on release during the pendency of a state court drug trafficking case. She allegedly admitted to officers that she had traveled on prior occasions to Phoenix or Albuquerque to obtain drugs. While in custody, she allegedly twice assaulted corrections officers and allegedly brought fentanyl into the correctional center, resulting in the hospitalization of four individuals. As noted above, Defendant repeatedly failed to comply with conditions of release or probation, or orders of the court.

The Court finds that the dangerousness factor weighs heavily in favor of detention.

### F. Weighing the factors.

Weighing the factors above, including the presumption of detention, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant is a danger to the community.

## II. The proposed conditions of release will not reasonably assure the safety of the community or her appearance as required.

A defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009). The Government bears the burden of showing that no conditions of release will reasonably assure the appearance of the defendant or the safety of the community. *United States v. Gerkin*, 570 F. App'x 819, 821 (10th Cir. 2014).

Here, Defendant asserts that pretrial supervision, location monitoring, and release to the third-party custody of New Mexico Wellness Treatment Center, will reasonably assure her appearance as required and the safety of the community.[5] The Court disagrees, and finds that no condition or combination of

---

[5] Defendant also notes that she does not have a passport.

11

conditions will reasonably assure her appearance as required and the safety of any other person and the community, for the reasons explained in its analysis of the § 3142(g) factors.

The Court notes that Defendant has allegedly repeatedly committed criminal acts while on conditions of release or while in custody, and has repeatedly disregarded court orders or conditions. She allegedly committed the offense in this case while on pretrial release for trafficking fentanyl in a state court case. Moreover, she faces a potential mandatory minimum of 15 years' imprisonment if convicted on all counts and if no safety valve applies. These are very serious charges. Even if rebutted, the court may continue to consider the presumption of detention. Moreover, the pretrial services report noted four failure to appear charges and four contempt of court charges. *See* Doc. 9 at 5-7. The resolution of most of these charges is unknown. Generally, however, her history suggests that has trouble complying with conditions placed on her.

Moreover, there were three separate alleged incidents while she was in custody in this case. She allegedly possessed fentanyl while in custody, leading to the hospitalization of four individuals, and allegedly assaulted corrections officers in two separate incidents. These incidents do not suggest that less restrictive conditions than custody will reasonably assure her appearance as required or the safety of the community.

Here, the above analysis of the § 3142(g) factors, the rebuttable presumption, the potential of a minimum fifteen year sentence, Defendant's history of repeatedly failing to follow conditions imposed by the court or authority figures, and her history of allegedly committing crimes while on conditions of release or in custody, suggest that there are no conditions which will reasonably assure the safety of the community or her appearance as required.

## CONCLUSION

Weighing the § 3142(g) factors together and the presumption of detention, the Court concludes that Defendant is a danger to the community by clear and convincing evidence and that no conditions of release will reasonably assure the safety of the community. Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions will reasonably assure her appearance as required.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Revoke Magistrate Judge's Detention Order **(Doc. 21)** is **DENIED.**

\_\_\_/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE